## WALLICK, ESTATE OF, In re

Probate Court, Tuscarawas Co

Decided June 26, 1939

Seikel, Seikel & Seikel, of Dover, for exceptor.

Renner & Toomey, Dover, for executor.

## OPINION

By LAMNECK, J.

Charles Wallick died testate on November 14, 1938 and thereafter A. W. Wagner was appointed executor of his estate. In his final account, which was filed in this court on April 24, 1939, the executor showed a collection of three notes with interest from C. W. Wallick, a son, totaling $695.32. These notes were never actually paid but were deducted from the son's distributive share amounting to $878.70. He signed a receipt for $878.70 and was given a check for $183.38. This check was never cashed.

On May 12, 1939, the said C. W. Wallick filed exceptions to the final account of the executor claiming that the amount represented by these notes was an advancement and should not have been deducted from his distributive share.

All three notes are cognovit notes in the usual form. The first one is dated July 5, 1927 and is due one year after date bearing 5% interest. There is one payment endorsed on this note dated July 10, 1928, for $10.00.

The second note, for $50.00, is dated August 1, 1929, and is due one year after date. It bears 5% interest and no payments are endorsed thereon.

The third note is for $300.00 at 6% interest, dated March 27, 1930, payable at the rate of $15.00 "each and every month" and is signed by C. W. Wallick and Ruby Wallick. Six payments are endorsed thereon, all during the year 1930, aggregating $51.00.

The exceptor's contention is based on item two of the decedent's will, which reads as follows:

"Second: I give, devise and bequeath to my grand-daughter, Elizabeth Jane Jones, the sum of One Thousand Dollars with interest computed on said sum at 5% per annum from the date of this my will. This sum I so bequeath to her to equalize advancements already made to my son, Charles W. Wallick."

From the language of this provision, the exceptor contends that the notes described above were the advancements the decedent had in mind.

The decedent's will was dated August 19, 1932. The statement in item two of his will that he was making a bequest of one thousand dollars with interest at 5% per annum from the date of his will to his grand-daughter, Elizabeth Jane Jones, to equalize advancements already made to his son, Charles W. Wallick, is equivalent to a declaration of the testator that he had already made advancements to the son of one thousand dollars. By making that statement in his will, parol evidence is not admissible to show the contrary. (Younce v Flory, 77 Oh St 71, 83 N. E. 305).

The question then remains whether the notes in question were intended by the testator to be part of the advancements. Some interest was paid on two

of the notes. Where a note is given for money furnished, and interest is paid thereon, a presumption arises that the money was borrowed. (**Hicks v Hicks, 9 O. C. C. (N.S.) 413, 76 Oh St 575, 81 N. E. 1187**). This presumption, however, may be overcome by evidence, but the burden of proof is upon the one claiming the advancement to establish the affirmative of the issue by evidence which is clear and convincing, a mere preponderance of evidence not being sufficient. (Hicks v Hicks, supra, and **Medill v Fitzgerald, 15 O. C. C. 415, 8 O. C. D. 129**).

In this case there is little, if any, evidence showing the intention of the testator relative to advancements other than that expressed in his will. In his testimony, the exceptor said that he always expected to pay these notes. This eliminates the question of whether the notes represented a loan or an advancement at the time they were made. The evidence does not disclose any statement made by the testator during his lifetime that the notes were to be considered as an advancement at his death. Had the testator directed in his will that these notes were to be considered as an advancement, that would have been conclusive. (**Albrecht v Albrecht, 14 Oh Ap 195**). However, there is no such statement in the will, the statement in the will simply being a declaration and not dispositive. No evidence has been presented to overcome the presumption of a loan, or the requirement that one claiming an advancement must do so by clear and convincing evidence.

The fact that the face of the notes amounts to only $500.00, whereas $1,000.00 was given to Elizabeth Jane Jones to equalize advancements given to the said C. W. Wallick indicates that other money had been advanced.

The notes in question in this case were inventoried as assets of the estate. According to the testimony, the exceptor had actual knowledge of that fact. In addition to this, the filing of the inventory was published as provided by rule of court under §10509-59, GC. The inventory was filed in court on December 21, 1938 and hearing on the same was held on January 30, 1939. The exceptor herein did not file exceptions to the inventory. Under §10509-59, GC, any person interested in the estate or in any of the property included in the inventory may file exceptions to the inventory.

In the case of **Brown v Bank, 22 Oh Ap 324**, it was held that a person claiming ownership of property included in an inventory need not file exceptions to the inventory within the time prescribed, but could raise the question in a subsequent proceeding. The court's opinion in that case was based on the fact that the word "persons" did not include parties claiming property inventoried in the estate. At that time the statute did not contain the words "or in any of the property included in the inventory." Present §10509-59, GC includes these words. If the Brown v Bank case were now before the court, the court no doubt would decide that the claimant in that case should have filed exceptions to the inventory within the statutory time. Since the court has approved the inventory, which included these notes as assets of the estate, the court is of the opinion that the issue can not again be raised, since the notes were inventoried with the knowledge of the exceptor, who was a required party. The approval of the inventory amounts to a judgment, and since a final judgment rendered by a court of competent jurisdiction on the merits, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action, between the same parties, even though the two actions differ in form, the court can not now entertain jurisdiction in this case. (**23 O. Jur. §742**).

There is another reason why the executor should not at this late date be required to personally refund even though the claims of the exceptor would be well taken.

The executor in this case acted in good faith. When a fiduciary acts in

good faith and in accordance with the provisions of law, he can not be held personally responsible for subsequent orders of a court. In the case of Steward v Barry, 102 Oh St 129, the court held that an administrator could not be charged with the amount of a reduction in a year's allowance until he recovered the amount from the widow, where he has paid the amount fixed by the appraisers in good faith after approval of the inventory.

In this case the notes were inventoried and a receipt was taken by the executor for the notes as assets of the estate before the final account was filed. Under such circumstances the executor could not be held personally responsible.

It is therefore ordered that the exceptions be overruled at the exceptor's cost.