In re Estate of Burgoon.

(No. 338—Decided January 31, 1947.)

Mr. *Otto W. Hess* and Mr. *George A. Meekison,* for appellant.

Mr. *James Donovan, Jr.,* and Mr. *Lawrence C. Warden,* for appellee.

By the Court. The appeal in this case is from an order of the Probate Division of the Court of Common Pleas of Henry county, overruling the motion of appellant, Martin L. Burgoon, to set aside the inventory and appraisement and to order a reappraisement of lot No. 19 in Alpheus Burgoon's first addition to the village of Liberty Center, Ohio, being real estate owned by Mary Burgoon at the time of her death.

The deceased was the wife of the appellant.

On such lot 19 are located two buildings, one a dwelling house used by appellant and his wife as a mansion house, and the other a cement-block building used for business purposes.

In the inventory and appraisement lot No. 19 was appraised at the sum of $4,500.

The purpose of the action asking a reappraisement of lot No. 19 is to cause the real estate to be appraised in two parcels, one consisting of the mansion house and the other consisting of the business block. This is desired by the appellant in order that he may elect to purchase the mansion house at the appraised value, pursuant to the provisions of Section 10509-89, General Code, the pertinent part of which reads as follows:

"At any time within one month after the approval of the inventory, the surviving spouse, if any, whether acting as executor or administrator, or not, shall have the right to purchase the following property, if left by the decedent and if not specifically devised or bequeathed.

"(a) The mansion house, including the parcel of land on which the same is situated and lots of farm land adjacent thereto and used in conjunction therewith as the home of the decedent, and the household goods contained therein, at the appraised value as fixed by the appraisers."

Subsequent to the appraisement of the real estate in question, the appellant gave notice of his election to purchase lot No. 19 at the appraised value.

The court denied the appellant's petition to purchase, by reason of the fact that on such lot was located a business building which could not be considered as a part of "the mansion house, including the parcel of land on which the same is situated," as defined in Section 10509-89, General Code.

On appeal this court affirmed that order.

The privilege of a surviving spouse to elect to take the mansion house at the appraised value is a valuable right granted by the Legislature. This right may not be denied by the court unless the surviving spouse has

voluntarily relinquished the right, or by some act is estopped from asserting the right.

Section 10509-61, General Code, provides as follows:

"When the inventory has been approved by the court, the appraisement of the real estate as set forth therein, shall be conclusive for all purposes except inheritance tax unless a reappraisal is ordered by the court."

It will be noted that there is no time set forth in the Code within which the court may order such reappraisement, and the power to order such reappraisement is within the sound discretion of the court.

In the instant case the surviving spouse filed his petition to elect to purchase the mansion house within the time prescribed by the court. The court denied the petition, for the reasons hereinbefore stated, to wit, that the real estate included also business property. Thereupon the surviving spouse filed his motion to set aside the inventory and appraisement and for a reappraisement, to meet the objections found by the court to the granting of his petition.

The probate division overruled that motion on the theory that, since the movant, as administrator of the decedent's estate, had caused lot 19 to be inventoried and appraised as one parcel of real estate and the court had overruled exceptions filed by certain of the heirs to such inventory and appraisement, on the hearing of which the exceptors had attempted to show valuations of the lot divided into two parcels, the movant was responsible for the inventory and appraisement of the lot as one parcel and was thereby precluded or estopped from complaining of the inventory and appraisement.

In support of that decision the court relied on the decisions in the following cases: *Sprankle, Jr.,* v. *Odell, Admr.,* 22 C. C. (N. S.), 233, 33 C. D., 540; *In re Estate of Wallick,* 29 Ohio Law Abs., 392.

An examination of the first case shows that the exceptor to the inventory and appraisement had, prior to his filing exceptions, been the administrator of the estate; that he, in his capacity as administrator, and by agreement with his mother, widow of the decedent, had instructed the appraisers to make a low appraisement of the estate in order to minimize the tax due thereon; that after the appraisal was thus effected the widow took a large part of the property at the appraised value; and that the exceptor, after his removal as administrator, had, personally, excepted to the appraisal and asked for reappraisal on the ground that the appraisal was admittedly too low.

The exceptor's action, in making the agreement above mentioned, with his mother, and having, pursuant thereto, had the appraisal made to minimize taxes on the estate, constituted a fraud on the Probate Court, and it was properly held that he could not have relief.

An examination of the second case cited shows that the exceptions in question were filed to the final account of the executor of the estate, on the ground that the exceptor was the owner of property included in the inventory. It further shows the court determined that under the provisions of Section 10509-59, General Code, the exceptor was a "person" who is required to file exceptions to an inventory in order to preserve rights to property belonging to him, inventoried as a part of an estate, that the exceptor failed to file exceptions to the inventory, and that, as the property claimed by him was included in the inventory with his knowledge and he was a required party, he was precluded by the adjudication confirming the inventory from excepting to the final account of the executor, on the ground that property included in the inventory was his property.

Neither of the cases cited are applicable to the facts of the instant case.

The instant case does not involve any element of fraud on the court. The movant, at the time the inventory and appraisement was made, the exceptions thereto filed and heard and the inventory and appraisement approved by the court, was obviously of the honest, although mistaken, opinion that the whole of the lot was comprehended in the homestead he had, under the law, the right as surviving spouse to elect to take.

Immediately following the decision of this court affirming the judgment of the probate division that such homestead did not include that part of lot No. 19 on which the cement-block building is located, and before there was any change in position to his or her detriment on the part of anyone occasioned by any action or failure to act upon the part of the administrator, the movant filed his motion for a reappraisement in order to make it possible for him to exercise his right of election to the homestead.

There is, therefore, nothing in the record in this case which justifies a denial of appellant's motion for a reappraisement. By such denial, the appellant would be denied the right given him by the Code to elect to take the mansion house at the appraised value.

The order of the court overruling appellant's motion to set aside the inventory and appraisement and to order a reappraisement was an abuse of discretion.

The agreed statement of facts set forth in the record shows that lot No. 19 is situated on East street and has 120-foot frontage on such street; that the business block occupies the entire southern portion of the lot and fronts 46 feet on East street; that immediately north of the cement-block building is a driveway 10 feet wide, running the entire length of the lot; and that the remainder of the lot lying north of the drive-

way is occupied by the dwelling house and appurtenances thereto.

The agreed statement of facts sets forth that the portion of the lot occupied by the mansion house is that portion of lot No. 19 lying north of the 10-foot driveway. The court below should have granted the motion of the surviving spouse and set aside the former inventory and appraisement and ordered a reappraisement of the two parcels, to wit, the portion of the lot lying north of the driveway and the remaining portion of the lot lying south of and including such driveway.

The judgment of the court overruling appellant's motion is reversed at costs of appellee, and this cause is remanded for further proceedings according to law, in conformity with this opinion.

*Judgment reversed.*

MIDDLETON, P. J., JACKSON and GUERNSEY, JJ., concur.